## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADAM LISTON, | ) |
| | ) |
| Plaintiff, | ) |
| | )   12-cv-2237 KHV/GLR |
| V. | ) |
| | ) |
| JACOBSON & ASSOCIATES, LLC., | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, ADAM LISTON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, JACOBSON & ASSOCIATES, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ADAM LISTON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Overland Park, County of Johnson, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Cash Call/Western Sky (hereinafter "CCWS").

6. The debt that Plaintiff allegedly owed CCWS was for a loan, the funds of which were used for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. JACOBSON & ASSOCIATES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is registered as a Limited Liability Company in the State of Delaware.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

#### IV. <u>ALLEGATIONS</u>

14. In or around September 2011 through in or around December 2011, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect a debt he allegedly owed to CCWS.

15. During the course of the aforesaid time period, Defendant initiated telephone calls to Plaintiff on his cellular telephone number.

16. During the course of the aforesaid time period, Defendant also initiated telephone calls to Plaintiff's place of employment in a further attempt to collect the debt he allegedly owed to CCWS.

17. During the course of the aforesaid time period, at the time Defendant initiated a telephone call to Plaintiff at his place of employment, Plaintiff engaged in a telephone conversation with Defendant.

18. During the course of the aforesaid telephone call, Plaintiff specifically advised Defendant that his employer did not permit him to accept calls of such nature while he is at work.

19. During the course of the aforesaid telephone call, Plaintiff informed Defendant to cease contacting him at his place of employment.

20. In or around September 2011 through in or around December 2011, despite being advised that Plaintiff's employer prohibits him from receiving calls such as those from Defendant, Defendant proceeded to initiate telephone calls to Plaintiff at his place of employment.

21. In or around September 2011 through in or around December 2011, despite Defendant having an alternative telephone number at which it could communicate with Plaintiff

(i.e. Plaintiff's cellular telephone number), Defendant proceeded to initiate telephone calls to Plaintiff at his place of employment.

22. In or around September 2011 through in or around December 2011, and on multiple occasions therein, Plaintiff engaged in telephone conversations with Defendant wherein Defendant informed Plaintiff that a lawsuit was pending against him in Johnson County.

23. Plaintiff resides in Johnson County.

24. During the course of the aforesaid telephone conversations, Defendant informed Plaintiff that if he set up payment arrangements with Defendant then Defendant would not continue to prosecute the lawsuit pending against Plaintiff.

25. At the time Defendant made the aforesaid representations that a lawsuit was pending against Plaintiff in Johnson County, no lawsuit had been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

26. Defendant's representation that a lawsuit had been filed against Plaintiff, as delineated above, was false, deceptive and/or misleading given at the time Defendant made the aforesaid representation no lawsuit had been filed against Plaintiff.

27. Defendant's representation that a lawsuit had been filed against Plaintiff, as delineated above, misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given at the time Defendant made the aforesaid representation no lawsuit had been filed against Plaintiff.

28. Defendant's representations that it would not continue to prosecute the lawsuit pending against Plaintiff were statements made by Defendant to Plaintiff in an attempt to coerce Plaintiff into entering into a payment agreement with Defendant.

29. Due to Defendant's representations, during the aforesaid time period, Plaintiff entered into a payment agreement with Defendant relative to the debt on which Defendant was attempting to collect.

30. Plaintiff entered into the aforementioned payment agreement with Defendant for he believed that by doing so Defendant would not longer prosecute the putative case pending against him.

31. On or about September 27, 2011, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt he allegedly owed to CCWS wherein Defendant left Plaintiff a voicemail message.

32. During the course of the aforesaid voicemail message, Defendant failed to inform Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

33. During the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff in relation to an Affidavit of Fraud that was currently being filed against Plaintiff in Johnson County.

34. Defendant then provided Plaintiff with a putative docket number relative to the case pending against him.

35. Defendant's representations during the aforesaid voicemail message had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

36. Defendant's representation that Plaintiff had engaged in criminal conduct was a statement made by Defendant to Plaintiff in an effort to disgrace Plaintiff.

37. On or about November 28, 2011, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt he allegedly owed to CCWS wherein Defendant left Plaintiff a voicemail message.

38. During the course of the aforesaid voicemail message, Defendant, again, failed to inform Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

39. During the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff in relation to the payment agreement he had entered into with Defendant.

40. Defendant informed Plaintiff that it was extremely important that he contact Defendant by the end of business that day as Defendant had started a legal action against Plaintiff in Johnson County that was attached to Plaintiff's social security number.

41. Defendant then provided Plaintiff with a putative docket number relative to the case pending against him.

42. Defendant then informed Plaintiff he had to contact Defendant immediately if he wanted to handle the matter on a voluntary basis.

43. Defendant's representations during the aforesaid voicemail message had the effect of conveying to an unsophisticated consumer that if Plaintiff did not immediately contact Defendant to pay the debt in a voluntary manner then Defendant would obtain funds from Plaintiff involuntarily relative to the debt on which it was attempting to collect.

44. Defendant's representations during the aforesaid voicemail message had the effect of conveying to an unsophisticated consumer that if Plaintiff did not immediately contact Defendant to pay the debt in a voluntary manner then Defendant would commence a garnishment action against Plaintiff relative to the debt on which it was attempting to collect.

45. On or about December 9, 2011, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt he allegedly owed to CCWS wherein Defendant left Plaintiff a voicemail message.

46. During the course of the aforesaid voicemail message, Defendant, again, failed to inform Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

47. During the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff in relation to a bad check Plaintiff had written that required Plaintiff's immediate attention.

48. Defendant's representations during the aforesaid voicemail message that Plaintiff had written a bad check had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

49. Defendant's representation that Plaintiff had engaged in criminal conduct was a statement made by Defendant to Plaintiff in an effort to disgrace Plaintiff.

50. On or about March 19, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt he allegedly owed to CCWS wherein Defendant left Plaintiff a voicemail message.

51. During the course of the aforesaid voicemail message, Defendant, again, failed to inform Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

52. During the course of the aforesaid voicemail message, Defendant stated a writ of execution had been filed under Plaintiff's social security number in Johnson County.

53. Defendant then provided Plaintiff with the last four (4) digits of his social security number.

54. Defendant further stated that the writ of execution pending in Johnson County was scheduled for Wednesday of the next week.

55. Defendant further stated to Plaintiff that "[i]t looks like you have no intention of paying this back."

56. Defendant then stated if Plaintiff wanted to resolve the matter he had to contact Defendant as soon as possible.

57. Defendant further reiterated that the matter would be pending in Johnson County for the next week.

58. Defendant ended the aforesaid voicemail message by stating "[i]f I do not hear back from you [Plaintiff] then good day and good luck."

59. Defendant's representation that a writ of execution had been filed against Plaintiff, as delineated above, was false, deceptive and/or misleading given at the time Defendant made the aforesaid representation no writ of execution had been filed relative to the debt on which Defendant was attempting to collect.

60. Defendant's representation that a writ of execution had been filed against Plaintiff, as delineated above, misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given at the time Defendant made the aforesaid representation no writ of execution had been filed relative to the debt on which Defendant was attempting to collect.

61. To date, Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

62. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

63. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

64. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

65. To date, no judgment has been entered against Plaintiff in Johnson County relative to the debt on which Defendant was attempting to collect.

66. At the time Defendant made the aforementioned representation that a writ of execution had been filed against Plaintiff, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

67. At the time Defendant made the aforementioned representation that a writ of execution had been filed against Plaintiff, no judgment had been entered against Plaintiff for the debt he allegedly owed.

68. The debt allegedly owed by Plaintiff is not a debt that can proceed to execution without Defendant first having secured a judgment against Plaintiff for the alleged debt.

69. In its attempts to collect the debt allegedly owed by Plaintiff to CCWS, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

  c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

  e. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

  f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  g. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

  h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  i. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

  j. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

  k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

70. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

71. Plaintiff hereby demands a trial by jury on all issues so triable.

72. The Plaintiff, ADAM LISTON, by and through his attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ADAM LISTON, by and through his attorneys, respectfully prays for judgment as follows:

      a.    All actual compensatory damages suffered;

      b.    Statutory damages of $1,000.00;

      c.    Plaintiff's attorneys' fees and costs;

      d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ADAM LISTON**

By:     s/ D. Matthew Durgin
Attorney for Plaintiff

Dated: April 26, 2012

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:   (913) 908-2313
               (913) 871-4170
Facsimile:    (888) 418-1277
E-Mail:        mdurgin@smithlaw.us